# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2-17-CR-4046-SRB-1 |
| ) | |
| ZACHARY SCOTT NUTT, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

The defendant, by consent, appeared before the undersigned on May 12, 2020, and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Local Rule 72(c)(1)(j), and 28 U.S.C. § 636, has entered a plea of guilty to Counts 1 and 20 of the Superseding Indictment. After cautioning and examining Defendant, under oath, in accordance with the requirements of Rule 11, it was determined that the guilty plea was knowledgeable and voluntary, and that the offense to which Defendant has plead guilty is supported by a factual basis for each of the essential elements of the offense.

For the proceeding, the prosecutor, defense counsel, and judge all appeared by video teleconference. The defendant appeared, from the Morgan County Jail, by video teleconference. Defense counsel requested the matter be taken up without further delay. The defendant waived his right to appear in person and consented to appearing by video teleconference. At one point, when the prosecutor was unable to be heard or seen clearly, the Court requested that he repeat himself. The defendant made request to view the summation of his criminal misconduct on the screen. The Court provided the document on the screen and allowed the defendant time to review it. The defendant's image and voice were clear, and I confirmed he could see and hear me and the lawyers clearly.

I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, he could not be physically present without seriously jeopardizing public health and safety. See the Court's April 20, 2020, Superseding

General Order (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and March 27, 2020, action by Judicial Conference authorizing video teleconferencing under certain circumstances). I did not postpone the plea because his lawyer contended, and I found, delay of the plea would cause serious harm to the interests of justice.

IT IS, THEREFORE, RECOMMENDED that the plea of guilty be accepted and that the defendant be adjudged guilty and have a sentence imposed accordingly.

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge

May 12, 2020
Jefferson City, Missouri